Concurring Opinion.
Manning, C. J.
I concur in the decree in this cause, but I do not wish to be understood as assenting to the doctrine that general laws regulating prescription affect the rights of the State. The State is sovereign, and when she enacts laws fixing the time within which actions must, be brought upon pecuniary obligations, or for the establishment of rights of property, she is legislating for her citizens, and is not imposing restrictions upon herself, and such laws do not affect her own rights unless she in terms includes herself within their operation.
The argument drawn from the phraseology of our Code is inconclusive. It is said that since the State is not specially exempted from the operations of the laws of prescription, she must be held to be affected by them as is an individual or a corporation. The terms of the statutes of limitation of other States are as broad and comprehensive as are the articles of our Code touching prescription, and it has been, and is uniformly held in those States, and in the Supreme Court of the United *1263 States, that the doctrine nullum tempus occurrit regi is in as full force in this country as it is in England.
It is not necessary for the decision of this cause to pass upon the question, so far as the State is concerned, and therefore the argument does not need to be elaborated now. I understand the doctrine to be ¡stated only arguendo in the opinion of the court just read, but to avoid misapprehension, I prefer to dissent from that portion of the Opinion.
Mark, J. I concur in the opinion of the Chief Justice.